UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

STACY C.,[1]                                                                    6:21-cv-392-JR

                                    Plaintiff,

                                                                    OPINION AND ORDER

                v.

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

Russo, Magistrate Judge:

        Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final

decision denying plaintiff's application for disability insurance benefits and supplemental security

income. For the reasons stated below, the Commissioner's decision is reversed and remanded for

additional proceedings.

_____

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

Plaintiff asserts disability beginning March 1, 2016,[2] due to attention deficit hyperactivity disorder, post-traumatic stress disorder, severe anxiety, depression, bipolar disorder, a reading and learning disability, very low general comprehension, suicidal ideation, lower back pain, and migraines. Tr. 313, 317.  After a hearing held on August 7, 2019 an Administrative Law Judge (ALJ) determined plaintiff was not disabled. Tr. 47, 29-41.  Plaintiff contends the ALJ erred by: (1) rejecting plaintiff's symptom testimony; (2) failing to address the findings of a treating psychologist; and (3) rejecting a lay witness statement.

The Commissioner concedes the ALJ erred by providing an insufficient rationale to discount plaintiff's testimony or the lay witness testimony.  The Commissioner asserts a remand for further proceedings is necessary so that the ALJ can reevaluate plaintiff's subjective complaints, evaluate third-party statements, and reassess plaintiff's residual functional capacity. Plaintiff argues a remand for an immediate award of benefits is appropriate.

In June 2017, plaintiff reported her schizophrenia and bipolar disorder makes it hard for her mood to remain stable long enough to hold a job. Tr. 327.  She also stated her condition made it "hard to understand reading, writing, and verbal commands." Id.  Plaintiff testified her anxiety had worsened since 2018 such that her "legs and hands shake every day". Tr. 59-60.  Plaintiff also testified she is very distractable and that it would be a problem keeping pace performing jobs such as putting labels on envelopes.  Tr. 66.[3]

Plaintiff testified, despite changes in her medications to control distractions from her hallucinations, such distractions have not improved.  Tr. 69-70.

---

[2] At an August 7, 2019 hearing, plaintiff amended her alleged onset date to January 10, 2018, which was four months after final denial of a previous application for disability and coinciding with an extended period of sobriety. Tr. 51.

[3] However, plaintiff also testified she held a job as a CNA for three years because she was able to change whatever she was doing when she got distracted in order to cope with her attention deficit disorder.  Tr. 70.

Plaintiff's friend, Tara Williams, reported plaintiff has good days and bad days, she sometimes does not get out of bed due to depression, and she mostly "stays to herself".[4] Tr 349-50.  However, Williams also reported plaintiff prepares meals and goes outside daily as well as cleans, does laundry, and gardens daily for about an hour.  Tr. 351.  In addition, Williams reported plaintiff walks, rides bikes, and socializes with others daily.  Tr. 353.  Nonetheless, Williams also reported it is difficult for plaintiff to deal with new people, and her attention span is "really short".  Tr. 353-54.

Plaintiff also asserts the ALJ erred in in his analysis of Dr. Russell Geoffrey, plaintiff's treating psychiatrist, who, on June 12, 2019, reported plaintiff:

> remains treatment-refractory in psychosis and depression -- she initially experienced psychosis only intermittently, but it lasted longer after each relapse on meth, until the psychosis became treatment-refractory after the last meth episode. Pt has been unable to try pimvanserin due to insurance requiring Parkinson's Disease diagnosis (on-label use) for reimbursement. Today we discussed Clozaril, and pt considers alternative of trying a FGA to replace her 3 ineffective SGA's- but Seroquel helps her sleep. Suggest Abilify, which she recently went off the residual 15mg Abilify dose for 3-4 weeks and noticed no worsening of voices or mood. She's only been back on it x 1 weeks. So will try Haldol 5mg for tolerability and effect, which she's previously tolerated at 5mg. PHQ9 today is 15 (Moderate) and pt agrees to trial of Cymbalta again, for antidepressant effect. Psychosis tolerability at "3-4" out of 10=completely intolerable.

Tr. 1379.

However, when provided with forms to offer a disability evaluation, Dr. Geoffrey stated:

> We do not do disability evaluations.
> I would be glad to advocate for pt's disability status, but psychiatrists at Lane County Behavioral Health do not have time available in our day to allow for doing disability evaluations ourselves, so some time ago, as our workloads increased, had to stop doing them. Also, many of the questions asked are also not ones we are able to answer based on our encounters.
> However, I do support Ms. Corbin's disability status.

---

[4] Despite stating plaintiff mostly stays to herself, Tara Williams reported plaintiff goes outside daily but not alone because she does not like to be alone.  She also reported plaintiff tries to gather with social groups daily.  Tr. 353.

Tr. 1361.

The vocational expert (VE) testified if an individual, in order to remain on task within an acceptable percentage of the time, required repeated reminders:

> That's a -- looks like accommodation and that would be found in well, like a sheltered workshop situation, but no guaranty that would be found in a competitive worksite and again I base that on my conversations with Employers and job descriptions and other documents that I've relied on.

Tr. 79.

The VE also testified the "off task" threshold for maintaining unskilled employment would be five to eight percent or 20-24 minutes out of the workday.  Tr. 80.

Plaintiff asserts that accepting her testimony and the report of her friend as true establishes disability based on the VE's testimony.  However, the record is not that clear as to the link between plaintiff's stated limitations and the VE's opinion as to whether plaintiff could perform any jobs that exist in substantial numbers in the economy.  Plaintiff's limitations are not so neatly quantified and the VE's testimony is not precisely connected to the testimony.

If the ALJ erred in some respect in reaching a decision to deny benefits and the error was not harmless, ordinarily, the remedy is to remand for further proceedings.  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).  A remand for an award of benefits should only be made in rare circumstances.  Id. at 1100.

To remand for an award of benefits under the credit-as-true rule, the Court should first ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  Id.  Here, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony and the lay testimony.

The Court should next ask whether the record has been fully developed, i.e., whether there are outstanding issues that must be resolved before a determination of disability can be made and

whether further administrative proceedings would be useful.  Id. at 1101.  Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may prove enlightening in light of the passage of time.  Id.

As noted above, even accepting plaintiff's testimony as true, remanding for an award of benefits would require the Court to engage in its own weighing of the evidence to find that the record establishes disability.  Plaintiff did not clearly identify her own functional limitations to which the VE then offered specific opinion regarding employability assuming such limitations. Moreover, plaintiff notes that Dr. Geoffrey diagnosed unspecified schizophrenia spectrum and other psychosis, but that the ALJ failed to address this diagnosis.  See, Tr. 1307 (On April 23, 2019, Dr. Geoffrey added DSM5 Diagnosis of unspecified schizophrenia spectrum and other psychosis).  The record would benefit from further development regarding the impact of this diagnosis on plaintiff's residual functional capacity.

As the Commissioner notes, the only medical opinion in the record to offer specific function-by-function assessment of plaintiff's ability to work indicates plaintiff is not disabled. See, e.g., Tr. 144-47 (applicable medical-vocational guidelines would direct a finding of not disabled.)

Finally, if no outstanding issues remain, the Court must determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding.  Id. Even if all three requirements are met, remand for further proceedings is still within the Court's discretion.  Id. at 1102.  The Court finds a remand for further proceedings is appropriate in this case.

<u>CONCLUSION</u>

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings to reassess plaintiff's residual functional capacity. The Clerk is directed to enter a judgment.

DATED this 14th day of February, 2022.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge