UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

STACY C.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

6:21-cv-392-JR

OPINION AND ORDER

Russo, Magistrate Judge:

Plaintiff moves for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Plaintiff asserted the ALJ erred by: (1) rejecting plaintiff's symptom testimony; (2) failing to address the findings of a treating psychologist; and (3) rejecting a lay witness statement. The Commissioner conceded the ALJ erred by providing an insufficient rationale to discount plaintiff's testimony and the lay witness testimony. Moreover, in remanding the case for further proceedings, the Court noted the record would benefit from further development of plaintiff's residual functional capacity regarding the impact of the treating psychologist's diagnosis of unspecified schizophrenia spectrum and other psychosis.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

Under the EAJA, the court "shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless [the court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Meier v. Colvin, 727 F.3d 867, 870 (9th Cir.2013). "It is the government's burden to show that its position was substantially justified." Meier, 727 F.3d at 870 (citing Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir.2001)). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce, 487 U.S. at 565). In this case, the government does not argue its position was substantially justified.[2] However, the government asserts plaintiff's fee request is excessive.

Plaintiff's counsel seeks $14,711.15 for 3.9 hours of work at a rate of $207.78 per hour and 63.9 hours of work at rate of $217.54 per hour.[3]

The EAJA specifically provides for an award of "reasonable" attorney fees. 28 U.S.C. 2412(d)(2)(A). In determining reasonable attorney fees, the Court uses the "lodestar" method in which the number of hours reasonably expended on the litigation are multiplied by a reasonable hourly rate. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161 (1990) ("once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that

---

[2] The Government asserts its request for remand for further proceedings as opposed to an award of benefits was substantially justified and further asserts plaintiff's time spent reviewing the Government's remand proposal was excessive.

[3] In addition, plaintiff requests the opportunity to submit a supplemental petition for time spent defending the EAJA request against the Commissioner's objections.

described in Hensley"). "'[E]xcessive, redundant, or otherwise unnecessary' hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government." Kirk v. Berryhill, 244 F.Supp.3d 1077, 1082 (E.D. Cal. 2017) (quoting Hensley, 461 U.S. at 434).

The government asserts the 60.3 hours spent preparing a 20-page opening brief and the 3 hours spent reviewing and discussing the proposal for remand are excessive.

The government generally cites "typical cases" in Oregon to argue the amount of time spent drafting the opening brief should be reduced to 35 hours. This Court has previously noted the Ninth Circuit has cautioned against reviewing the amount of time spent in other cases to decide how much time an attorney should reasonably spend on the particular case before the court because that determination will always depend on case-specific factors including the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012). In addition, District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. Id. at 1137 (9th Cir. 2012).

Nonetheless, 60.3 hours spent on the opening brief alone does suggest some level of excessiveness. The government points to the significant time spent reviewing the record and preparing a chronology of symptom progression. The government also specifically notes that three hours reviewing a proposal for remand is excessive. The time records submitted by plaintiff shows 13.5 hours spent reviewing the transcript and 8.7 hours spent drafting a progression of impairments. "[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir.2008). As a result, courts should generally defer to the "winning

lawyer's professional judgment as to how much time he was required to spend on the case." Id. However, plaintiff's counsel appears to concede this amount of time spent on the preparation for drafting the opening brief was excessive and also concedes one hour should be reduced from the time spent reviewing remand issues.  Accordingly, plaintiff suggests reducing the number of hours spent on the case to a total of 56 hours at the 2021 rate of $217.54.[4]  Giving deference to counsel's judgment in this case, but also viewing 60.3 hours spent on an opening brief as excessive, the Court finds that 56 total hours spent on this case is reasonable.  In addition, because the fee has been reduced, plaintiff's request to petition the Court for supplemental fees related to the EAJA motion is denied. Kenneth A. v. Berryhill, 2019 WL 377613, at *7 (D. Or. Jan. 30, 2019) (fees for fees should be denied for time spent defending rates that were reduced).

## CONCLUSION

Plaintiff's petition for fees (ECF 20)  is granted in part.  Pursuant to the EAJA, 28 U.S.C. § 2412, it is hereby ordered that EAJA attorney's fees of $12,182.24 shall be awarded to plaintiff. If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, as discussed in Astrue v. Ratliff, 560 U.S. 586 (2010), then the check for EAJA fees shall be made payable to plaintiff's attorney in the amount noted above, or in an amount representing the remaining funds after any offset if applicable.

DATED this 18th day of July, 2022.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

---

[4] The requested rates are consistent with the "statutory maximum rates" under the EAJA. See, e.g., UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT. https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

Page 4 – OPINION AND ORDER